IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ASHLEY FURNITURE INDUSTRIES, LLC,

                              Plaintiff,

v.

PERFICIENT, INC.,

                              Defendant.

OPINION and ORDER

21-cv-622-jdp

---

      This is a case for breach of contract about defendant Perficient, Inc's alleged failure to meet its obligation to create an order management system for plaintiff Ashley Furniture Industries, LLC. The court granted Perficient's motion for summary judgment in part. Dkt. 131. Ashley moves for reconsideration of the portion of the order granting summary judgment to Perficient on the issue whether Ashley may recover consequential damages for Perficient's alleged breaches. Dkt. 133. For the reasons explained below, the court will deny the motion.

      Under the terms of the parties' contract, a party may recover consequential damages for a breach only if the breaching party acted willfully, intentionally, or recklessly. *See* Dkt. 54-3, § 12(a) and (b)(iv). In its summary judgment brief, Ashley identified two alleged examples of alleged willful or reckless misconduct by Perficient: (1) "procuring Ashley's assent to SOW 4 though deception"; and (2) continuing with the project after April 2020, when Surajit Mukherjee, Perficient's Solution Architect, concluded that "Sterling [the software platform Perficient used to create an order management system] would not work for Ashley." Dkt, 83, at 74. The court rejected both of these arguments. Dkt. 133, at 16–17. Ashley's motion for reconsideration is limited to the second alleged example.

In its summary judgment brief, Ashley's argument about Mukherjee's knowledge was limited to one sentence: "The decision to have Ashley sign Change Orders 4 and 5 (worth millions to Perficient) when Surajit Mukherjee knew in April 20[20] that using Sterling would not work for Ashley is the height of Perficient's wrongdoing and 'reckless disregard' of Ashley's rights." Dkt. 83, at 74. Ashley's brief cited no evidence to support this statement, but Ashley's proposed findings of fact relied solely on Mukherjee's own testimony, in which Mukherjee admitted that Sterling knew in April 2020 that there were compatibility issues between Sterling and Ashley's requirements. But Mukherjee also repeatedly stated in the same testimony that Perficient informed Ashley about the compatibility issues, and Ashley directed Perficient to keep going anyway. *See* Dkt. 88, ¶¶ 272, 275; Dkt. 131, at 17 (citing testimony). Under these circumstances, it would not be willful, intentional, or reckless misconduct to continue as Ashley directed.

In its motion for reconsideration, Ashley says that it was unfair to rely on Mukherjee's testimony because Perficient didn't cite that testimony until it's reply brief. But it was Ashley that relied on Mukherjee's testimony in its proposed findings of fact to establish that Perficient acted willfully or recklessly. *See* Dkt. 88, ¶¶ 272, 275. The court's own review of that testimony showed that it did not support Ashley's position. It was not unfair for Perficient to ask the court to consider Mukherjee's testimony in context.

Ashley asserts three other arguments, but none are persuasive. First, Ashley says that Perficient "knew that Ashley required reallocation of customer orders based on customer priority." Dkt. 133, at 8. But the issue raised in Ashley's summary judgment motion on the issue of consequential damages was narrower: that Mukherjee knew in April 2020 that Perficient couldn't produce a product that complied with contractual requirements. Ashley

cannot expand the scope of its argument in the context of a motion for reconsideration. *See Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.").

Second, Ashley says that there is evidence in the record that disputes Mukherjee's testimony that Perficient informed Ashley about the compatibility issues. But it points to no portion of its summary judgment brief in which it relied on that evidence to make the point it is asserting now. Instead, it cites the following two proposed findings of fact:

> 103. At the outset of this project Ashley made clear to both IBM and Perficient—numerous times—that reallocation of B2B orders based on customer priority was a non-negotiable business requirement for Ashley. (12/15/22 Pronschinske Dep. 208:25-210:21, Dkt. 65; 11/11/22 Laubscher 64:7-11, 66: 6-22, 92:11-25, Dkt. 49; Watton Decl. ¶¶ 3-4; Pronschinske Decl. ¶¶ 3-6.).
>
> . . .
>
> 274. Reallocation based on customer priority was not "new" and was instead a bedrock, non-negotiable requirement since day one. (11/29/2022 Pickens Dep. 160:17-21, Dkt. 70, Pronschinske Decl. ¶¶ 4-8; Watton Decl. ¶¶ 2-5.).

As Ashley acknowledges, the court declined to consider these proposed findings of fact because they are not discrete facts; they are vague and conclusory assertions followed by lengthy string citations. *See* Dkt. 131, at 2. *See also* "Motions for Summary Judgment," Attachment to Dkt. 15, § I.B.3 (a proposed finding of fact should be "limited as nearly as practical to a single factual proposition"). In any event, neither of those proposed facts address the question whether Perficient informed Ashley about compatibility issues, so they aren't helpful. Ashley now asks the court to consider the substance of the underlying documents cited in the proposed facts, which Ashley says dispute Mukherjee's testimony. But Ashley had a fair

3

opportunity to present its evidence in accordance with court procedures at the summary judgement stage. The court isn't required to search the record for evidence that might create a genuine issue of material fact on matters that weren't addressed in Ashley's proposed findings of fact. *Diadenko v. Folino*, 741 F.3d 751, 756–57 (7th Cir. 2013); *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704–05 (7th Cir. 2010).

Third, Ashley says that Mukherjee's testimony itself creates a genuine issue of material fact because Mukherjee acknowledges that he knew as of April 2020 about compatibility issues between Sterling and Ashley's business needs. The court is required at the summary judgment stage to draw reasonable inferences in favor of the nonmoving party, but that does not extend to disregarding evidence or considering testimony out of context. As explained in the summary judgment decision, Mukherjee's testimony was that Perficient repeatedly informed Ashley about potential compatibility issues, but Ashley insisted on going forward with the project anyway. Under those circumstances, no reasonable jury could find that Perficient acted willfully or recklessly in complying with Ashley's directives.

ORDER

IT IS ORDERED that plaintiff Ashley Furniture Industries LLC's motion for reconsideration, Dkt. 133, is DENIED.

Entered June 1, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge